UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

SK FOODS, L.P., a California
limited partnership, and RHM
INDUSTRIAL /SPECIALTY FOODS,
INC., a California Corporation,
d/b/a Colusa County Canning Co.,

        Debtors.
_____

SS FARMS, LLC., SSC FARMING, LLC,
SSC FARMING 1, LLC, SSC FARMING 2
LLC and SCOTT SALYER,

        Appellants,

   v.

BRADLEY D. SHARP, Chapter 11
Trustee,

        Appellee.
_____

Nos. 2:09-cv-02941-MCE
     2:09-cv-02939-MCE

**ORDER**

----oo0oo----

///

///

///

///

1

Through the present Motions,[1] Bankruptcy Trustee Bradley D. Sharp ("Trustee") seeks to dismiss the appeal brought by SS Farms, LLC, SSC Farming LLC, SSC Farming 1, LLC, SSC Farming 2, LLC, and Scott Salyer (collectively referred to as "Appellants") of the Bankruptcy Court's order denying Appellants' motion to remove the Trustee.[2]

The Trustee's Motions are premised on the contention that the Bankruptcy Court's order declining, to remove the trustee is not a final appealable order under 28 U.S.C. § 158(a)(1). The Trustee goes on to argue that the order cannot satisfy the standard for interlocutory review even if not deemed final. Because the Court concludes that the order does indeed qualify as a final order for purposes of appeal, the Trustee's Motions fail on that ground alone, and the Court need not consider whether the underlying order could have supported appeal on an interlocutory basis.

The Ninth Circuit, in <u>In re AFI Holding, Inc.</u>, 530 F.3d 832, 837 (9th Cir. 2008) found explicitly that an order removing a bankruptcy trustee is a final order over which jurisdiction attaches pursuant to 28 U.S.C. § 158.

///
///
///
///

---

[1] Identical Motions to Dismiss have been filed in both 2:09-cv-02941-MCE and 2:09-cv-02939-MCE.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1 | In support of that conclusion, the <u>AFI Holding</u> court cited to law
2 | from its sister circuits, including a Seventh Circuit case which,
3 | like the motion now before this Court, dealt with the question of
4 | whether a denial of a motion to remove a bankruptcy trustee is a
5 | final order.  <u>Id</u>., citing <u>Matter of Schultz Mfg. Co.</u>, 956 F.2d
6 | 868, 691-92 (7th Cir. 1992).  As the Ninth Circuit favorably
7 | noted, the <u>Schultz</u> court specifically answered that question in
8 | the affirmative.  Consequently, while <u>AFI Holding</u> may be
9 | distinguishable on its facts from the instant matter inasmuch as
10 | that case dealt with an order removing a bankruptcy trustee as
11 | opposed to the denial of a removal request involved here, the
12 | Ninth Circuit nonetheless also pointed to case law resolving the
13 | very issue with which we are now confronted, and did so
14 | approvingly.  Treating the removal a trustee the same as the
15 | denial of such removal makes sense since the motions are, in
16 | essence, mirror images of each other.
17 |      Moreover, even aside from the implications of <u>AFI Holding</u>,
18 | the weight of additional case law appears to favor treatment of
19 | the denial of a request for removal of a trustee as a final order
20 | for purposes of appeal.  <u>See, e.g.</u>, <u>In re Granderson</u>, 252 B.R. 1,
21 | 4 (1st Cir. B.A.P. 2000) (order denying request to remove trustee
22 | is a final order).
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1   Consequently, the Court finds that the underlying order of
2 the Bankruptcy Court denying Appellant's motion to remove the
3 bankruptcy trustee is indeed final for purposes of invoking this
4 Court's jurisdiction.  The Trustee's present Motions to Dismiss
5 (Docket No. 7 in 2:09-cv-02941-MCE and Docket No. 6 in 2:09-cv-
6 02939-MCE) are consequently DENIED.
7   IT IS SO ORDERED.

Dated: February 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE