UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

SK FOODS, L.P., a California limited partnership, and RHM INDUSTRIAL /SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,

     Debtors.

_____

SS FARMS, LLC., SSC FARMING, LLC, SSC FARMING 1, LLC, SSC FARMING 2 LLC and SCOTT SALYER,

     Appellants,

   v.

BRADLEY D. SHARP, Chapter 11 Trustee,

     Appellee.

_____

Nos. 2:09-cv-02937-MCE
     2:09-cv-02938-MCE
     2:09-cv-02939-MCE
     2:09-cv-02940-MCE
     2:09-cv-02941-MCE

**MEMORANDUM AND ORDER**

///
///
///
///
///

Non-debtor Appellants SS Farms, SSC Farming, SSC Farms I, SSC Farms II and SK Foods CEO Scott Salyer (collectively "Appellants") appeal the bankruptcy court's order in favor of Chapter 11 Trustee Bradley D. Sharp ("Appellee").[1]

On October 9, 2009, the bankruptcy court denied Appellants' motion to remove the Trustee and disqualify counsel, and granted Trustee's counter-motion to retain possession of Appellants' documents. For the reasons set forth below, the bankruptcy court's decision is affirmed.

## BACKGROUND

Debtor S.K. Foods L.P. ("Debtor"), managed by Appellant Scott Salyer ("Salyer") permitted Appellants and other non-debtors to store financial, business, estate planning, and other personal documents on Debtor's premises in a combined computer system as part of a joint administration arrangement. Debtor employees would perform accounting and recordkeeping services for Appellants.

On May 8, 2009, Debtor filed for Chapter 11 bankruptcy. On May 18, 2009, Appellee Bradley Sharp was appointed as Trustee for Debtor and he selected the firm of Schander Harrison Segal & Lewis LLP as his counsel. Following appointment, Appellee took possession of all records located on the premises of Debtor, including documents and electronic files belonging to Appellants.

---

[1] Because oral argument was not of material assistance, this matter was deemed suitable for decision without oral argument. Local Rule 230(g).

2

Upon discovering the confiscation of their documents, Appellants wrote to Appellee demanding return of the original documents without further review.  Appellee refused.

Appellee contends that continued possession and review of Appellants' documents is attendant to the discharge of his duties.  According to Appellee, Appellants' documents were controlled by Debtor and intermingled with Debtor's files making his review of Appellant's documents necessary as trustee. Furthermore, Appellee states that in his efforts to close sale of Debtor's assets, he was prevented from doing so by Appellants seeking to terminate Wastewater Discharge Agreements made with Debtor.  Believing that Appellants did not have the right to terminate those agreements, Appellee asked Debtor's CFO to provide information about the payment practices between Debtor and Appellants in order to determine whether the parties' course of dealing waived any right Appellants had to terminate the agreements.  Debtor's CFO turned over Appellants' records located on Debtor premises.  Based on the information acquired, Appellee thereafter filed an adversary complaint in bankruptcy court seeking to consolidate the Appellant entities, and their assets, into Debtor's bankruptcy estate.

On August 7, 2009, Appellants filed a motion to remove the Trustee and disqualify counsel on the grounds that the documents in Appellee's possession are confidential, and in many instances protected by attorney-client privilege or work product doctrine.

///

///

///

Appellants further allege that Trustee's possession constitutes conversion, and that the Trustee's "seizure" of their documents violates their privacy rights under the California and U.S. Constitutions.  In response, Appellee filed a counter-motion requesting an order confirming his authority to continue to possess and review the documents in question.

The bankruptcy court held oral argument on September 29, 2009, and subsequently denied Appellants' motion and granted Appellee's counter-motion on the grounds that Appellants could not have had a reasonable expectation of privacy in their documents and had additionally waived their right to any privilege.  As such, the trustee and his counsel could not be held liable for violation of privacy or conversion.

**STANDARD**

The bankruptcy court's conclusions of law are reviewed by the District Court *de novo*.  State Bar of California v. Findley (In re Findley), 593 F.3d 1048, 1050 (9th Cir. 2010).  The standard of review for factual questions is "clearly erroneous." Harris v. Wittman (In re Harris), 590 F.3d 730, 736 (9th Cir. 2009).

Findings of fact are "clearly erroneous" only if the "reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

///

"If the bankruptcy court's account of the evidence is plausible in light of the entire record viewed, it must be upheld even though we might have weighed the evidence differently had we been sitting as the trier of fact." In re Forbes, 215 B.R. 183, 187 (8th Cir. BAP 1997) (citing Anderson, 470 U.S. at 573-74). A reviewing court will not reverse simply because the trial court could have reached another decision. In re Huntington Ltd, 654 F.2d 578, 583 (9th Cir. 1981).

The appellant carries the burden of proof. Id.

## ANALYSIS

**A.   Jurisdiction**

As a preliminary matter, parties dispute whether the bankruptcy court's orders are appropriate for appeal.

The Ninth Circuit has held that the District Court has jurisdiction to hear the appeal of an order denying removal of a trustee under 28 U.S.C. § 158(a)(1). In Re AFI Holding, Inc., 530 F.3d 832, 837 (9th Cir. 2008). Appellee seeks to distinguish In Re AFI, arguing that the jurisdiction found in said case applies only to orders *removing* a Trustee, not to those denying removal. However the court's reasoning in In Re AFI makes clear that orders concerning the appointment of bankruptcy trustees should be liberally construed as final, and thereby appropriate for appeal, "because these orders cannot be meaningfully postponed to the bankruptcy's conclusion." Id. at 836.

///
///

5

Moreover, as part of its analysis the court specifically cites a Seventh Circuit ruling in which *denial* of a motion to remove a trustee was treated as a final order, therefore indicating that the Ninth Circuit sought to treat both removal of Trustee and denial of removal of Trustee as equally appropriate for appeal. Id. at 837 (citing Matter of Shultz Mfg. Fabricating Co., 956 F.2d 686, 691-92 (7th Cir. 1992)). Accordingly this Court has jurisdiction to hear appeal of the denial of Appellant's Motion to Remove Trustee.

    The Court similarly has jurisdiction to hear the appeal of the bankruptcy court's denial of disqualification of counsel and grant of Trustee's counter-motion, as these matters present the same issues as the Motion to Remove Trustee.  The Ninth Circuit has cautioned against "piecemeal appellate review" as it is not only "inimical to the will of Congress [in granting appellate review] but also 'undermines the efficient use of judicial resources' by exposing appellate panels to 'the costs of repeated familiarization with the same case.'"  Romoland School Dist. v. Inland Empire Energy Center, LLC, 548 F.3d 738, 747 (9th Cir. 2008)(citing Cheng v. Comm'r, 878 F.2d 306, 310 (9th Cir. 1989)). Courts are permitted to employ a pragmatic approach in determining whether a non-final order creates sufficient finality.  American States Ins. Co. v. Dastar Corp., 318 F.3d 881, 884 (9th Cir. 2003).  Because the motion to disqualify counsel and counter-motion to retain documents both rest on the same issues presented by the order denying removal of trustee, this Court finds that the companion rulings are sufficiently final for appeal.

**B.   The Bankruptcy Court's Rulings**

Turning to the merits, Appellant's Motion to Remove Trustee and Disqualify Counsel rested on the argument that Trustee's possession of their documents 1) violated their privacy rights, 2) violated attorney-client privilege and work product doctrine, and 3) amounted to conversion.

In asserting a right to privacy under the California Constitution, plaintiff must show he possessed a legally protected privacy interest, had a reasonable expectation in privacy, and that defendant's intrusion was so serious as to constitute an egregious breach of social norms. Hernandez v. Hillsides, Inc., 47 Cal. 4th 272, 287 (2009). A party charging a privacy violation under the Fourth Amendment of the U.S. Constitution "must show that he has a reasonable expectation of privacy in the place searched." U.S. v. Heckenkamp, 482 U.S. 1142, 1146 (9th Cir. 2007).

In asserting attorney-client privilege the party seeking protection must prove that the privilege has not been waived. Weil v. Investment/Indicators, Research & Mgmt, Inc., 647 F.2d 18, 25 (9th Cir. 1981). Disclosure serves as a waiver of the privilege unless such disclosure was involuntary and the privilege holder made efforts reasonably designed to protect the privilege. Gomez v. Vernon, 255 F.3d 1118, 1131-32 (9th Cir. 2001). Similarly the privilege of the work product doctrine may be deemed waived unless the holder of the privilege took reasonable steps to prevent disclosure. Fed. R. Evid. 502.
///

1    Finally, the elements of conversion under California law are (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. <u>Burlesci v. Peterson</u>, 68 Cal. App. 4th 1062, 1066 (1998). A plaintiff in a conversion action must prove that it did not consent to the defendant's exercise of dominion. <u>Bank of New York v. Fremont General Corp.</u>, 523 F.3d 902, 914 (9th Cir. 2008).

    As part of its findings of fact, the bankruptcy court determined that the documents at issue, Appellants' electronic files, were routinely accessed and reviewed by Debtor's employees while stored on Debtor's premises. More importantly, the bankruptcy court found that a 2008 Department of Justice raid of Debtor's premises, in which "an enormous volume of records" were seized, should have sufficiently placed Appellants on notice that documents stored with Debtor could be subject to investigation and potential confiscation. The court held, "the raid must have necessarily put on everyone's radar screen the risk of storing [documents] on [Debtor's] premises and computers and the consequences of leaving possession in the hands of [Debtor]." Taking into account that the DOJ raid preceded the initiation of bankruptcy proceedings by over a year, the Court found that Appellants had ample time to relocate their information if they wished to maintain privacy. Appellants took no action to secure their documents. Ultimately the court found that Appellants had endless opportunities to segregate and remove their records from Debtor's premises but chose not to do so.

///

Having made such a choice, Appellants could not possibly have had a reasonable expectation of privacy as necessary for their privacy claims. The touchstone of a privacy violation is a party's expectation in confidentiality, however here the findings of fact, supported by the record, indicate that Appellants were on notice that information stored on Debtor's premises would likely be investigated. Appellants have failed to prove that the attorney-client and work product privileges have not been waived, nor do they identify any reasonable effort made to protect such privileges. Furthermore, Appellants have failed to make a sufficient claim for conversion, as they have not shown how Appellee's acquisition of their documents was wrongful. Rather, the findings of fact show that Debtor maintained routine access to the allegedly confidential materials and no effort was made to protect them from potential third-party inquiry.

Accordingly, the Bankruptcy court was warranted in denying Appellants' Motion to remove Trustee and disqualify counsel and granting Trustee's counter-motion to maintain possession of documents.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

Based on the foregoing, the decision of the bankruptcy court is hereby AFFIRMED.

IT IS SO ORDERED.

Dated: May 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE